UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHAI TSAIG; d/b/a SUPER PITA BAKERY AND DELI, | § § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL ACTION NO. H-10-95 |
| AMERICAN ECONOMY INSURANCE COMPANY, *et al*, | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

**I.     Introduction**

Pending before the Court is the defendant's, American Economy Insurance Company, motion for summary judgment (Docket Entry No. 10).[1] The plaintiff, Shai Tsaig d/b/a Super Pita Bakery and Deli, filed a response (Docket Entry No. 11). The defendant filed a reply (Docket Entry No. 12), and the plaintiff filed a sur-reply (Docket Entry No. 16). After having carefully reviewed the motion, the responses, the record and the applicable law, the Court denies the defendant's motion for summary judgment.

**II.     Factual Background**

The defendant issued an insurance policy to the plaintiff, effective during the relevant time period, covering the plaintiff's bakery/deli premises. The policy contains coverage limits of $56,000 for Business Personal Property, actual loss sustained for Business Income and a separate Business Equipment Breakdown Endorsement.

On September 18, 2008, the plaintiff filed a claim with the defendant, alleging damage resulting from Hurricane Ike on or about September 13, 2008. The claim stated, "power out and

---

[1] The plaintiff also sued Safeco Insurance and insurance adjuster Anthony Jukes, but neither of them is a movant in the present motion.

loss of income and contented [*sic*] damage." (Docket Entry No. 10, Ex. A, Rick Price Aff., ¶ 4). On September 21, 2008, the defendant's first report on the plaintiff's claim indicated that there was no damage to the structure and that the business was closed due to an "off premises power outage." *Id*. The report indicated that the claim would be denied because of the policy's Power Failure Exclusion. On September 30, 2008, the defendant denied coverage of the plaintiff's alleged loss of business income and spoilage, quoting the Business Income Coverage, the Power Failure Exclusion and the Changes in or Extremes of Temperature Exclusion of the policy.

On April 24, 2009, public adjuster Ronnie Tal of Tal & Associates called the defendant on the plaintiff's behalf and claimed that a power surge had caused the plaintiff's alleged equipment damage.[2] *Id*. at ¶ 6. Per an agreement between the defendant and The Hartford Steam Boiler Inspection and Insurance Company ("HSB"), the defendant referred the "equipment breakdown" portion of the claim to HSB. HSB ultimately denied the equipment breakdown claim, declaring that the Equipment Breakdown Endorsement excluded coverage of the allegedly damaged equipment.

On December 11, 2009, the plaintiff filed suit in state court. On January 11, 2010, the defendant removed this suit to federal court on the basis of diversity jurisdiction. On August 31, 2010, the defendant retained electrical engineer Raymond D. Arms of J.C. Malee & Associates, L.P. to inspect the allegedly damaged equipment. Arms reported that the plaintiff's alleged equipment damages resulted from "improper maintenance, deterioration, and/or humidity." (Docket Entry 10-7, Ex. B, Arms Aff., ¶ 4).

---

[2] In his affidavit, the plaintiff states that a machine capable of producing fifteen hundred units of bread per hour on September 12, 2008, was only capable of producing two to three hundred units per hour immediately following the storm.

### III.   Contentions of the Parties

#### A.   The Plaintiff's Contentions

The plaintiff asserts six causes of action: (1) breach of contract; (2) unfair settlement practices in violation of Texas Insurance Code § 541.060(a); (3) untimely payment of her claim in violation of Texas Insurance Code §§ 542.055, 542.056, 542.058; (4) breach of the duty of good faith and fair dealing; (5) violation of the Texas Deceptive Trade Practices Act ("DTPA"); and (6) common law fraud.

#### B.   The Defendant's Contentions

The defendant argues that the policy precludes coverage for all of the plaintiff's alleged damages. Specifically, the defendant argues that the Power Failure Exclusion precludes any loss to business income[3] or equipment damage, and that the policy precludes coverage for spoilage. The defendant further avers that the plaintiff's alleged equipment damage resulted from a lack of maintenance rather than a power surge. The defendant also seeks summary judgment on all statutory and common law bad faith claims, alleging that the parties' legitimate coverage dispute and the absence of contractual liability preclude bad faith.

### IV.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to that party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also, Martinez v. Schlumber*, *Ltd.*, 338 F.3d 407, 411 (5th

---

[3] The defendant maintains that the plaintiff has failed to provide any evidence of his business income loss.

Cir. 2003). Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994)). The nonmovant may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (quoting *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether the nonmovant has established a genuine issue of material fact, a reviewing court must construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc*., 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir.

2003)).  Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."  *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)).  Nonetheless, a reviewing court may not "weigh the evidence or evaluate the credibility of witnesses."  *Boudreaux*, 402 F.3d at 540 (citing *Morris*, 144 F.3d at 380).  Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"  *Septimus v. Univ. of Houston*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

**V.     Analysis and Discussion**

The Court denies the defendant's motion for summary judgment.  The primary issues in dispute concern where the power outage occurred that caused the plaintiff's alleged damages and whether a power surge caused the plaintiff's alleged equipment damage.  First, if the power outage did not occur on the plaintiff's property, the policy would not cover at least some of the plaintiff's alleged damages.  *See Torres v. American Economy Insurance Co.*, Civ Action No. H-09-3038, 2010 WL 2305608 (S.D. Tex., June 8, 2010) (granting summary judgment for the insurance carrier because of the applicability of a power failure exclusion in an insurance policy).  Second, if a power surge caused the plaintiff's alleged equipment damage rather than a lack of maintenance, the policy may cover that portion of the plaintiff's claim caused by the surge.  Because the Court determines that the power outage and power surge issues are disputes of material fact, the Court denies the defendant's motion for summary judgment.

### A. Breach of Contract

At issue is whether the defendant breached its contract with the plaintiff by denying coverage of the plaintiff's alleged damages. The plaintiff has claimed coverage for loss of business income, spoilage of perishable supplies and damage to bakery equipment. The Court determines that genuine issues of material fact remain in dispute and, therefore, denies the defendant's motion for summary judgment on the plaintiff's breach of contract claim. The defendant's liability is not reasonably clear because neither party has shown, as a matter of law, either the origin of the power failure or whether a power surge occurred. Without knowing whether the power failure originated on the plaintiff's insured premises, the Court cannot determine whether the Power Failure Exclusion to the policy applies. Without knowing whether a power surge occurred, the Court cannot determine whether policy coverage extends to the plaintiff's alleged equipment damage. Therefore, the Court cannot determine whether the policy was breached, and the Court denies summary judgment.

Under Texas law, which governs this diversity suit, the same general rules that govern the interpretation of contracts govern the interpretation of insurance policies, and a policy must be interpreted to effectuate the intent of the parties at the time the policy was formed. *See Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 853 (5th Cir. 2003); *Progressive County Mut. Ins. Co. v. Sink*, 107 S.W.3d 547, 551 (Tex. 2003). Terms within an insurance contract are given "their plain, ordinary, and generally accepted meaning unless the contract itself shows that particular definitions are used to replace that meaning." *Bituminous Cas. Corp. v. Maxey*, 110 S.W.3d 203, 208-09 (Tex. App. – Houston [1st Dist.] 2003, pet. denied) (internal citation omitted).

If an insurance contract is worded such that it "can be given a definite or certain legal meaning," then it is unambiguous and enforceable as written. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. CBI Indus.*, 907 S.W.2d 517, 520 (Tex. 1995). Only if an insurance contract is susceptible to multiple reasonable interpretations must a court adopt the interpretation most favorable to the insured. *Nat'l Union Fire Ins. Co.*, 907 S.W.2d at 520. Nevertheless, a court will not find a contract ambiguous merely because the parties offer contradictory interpretations. *See Cent. States, Se. & Sw. Areas Pension Fund v. Creative Dev. Co.*, 232 F.3d 406, 414 n.28 (5th Cir. 2000) (quoting *Wards Co. v. Stamford Ridgeway Assocs.*, 761 F.2d 117, 120 (2d Cir. 1985) (internal quotation marks and citation omitted)) ("A Court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity, and words do not become ambiguous simply because lawyers or laymen contend for different meanings."); *see also*, *Kelley-Coppedge, Inc. v. Highlands Ins. Co.*, 980 S.W.2d 462, 465 (Tex. 1998).

"The insured bears the initial burden of showing that there is coverage, while the insurer bears the burden of proving the applicability of any exclusions in the policy" that permit the insurer to deny coverage. *Guar. Nat'l Ins. Co. v. Vic Mfg. Co.*, 143 F.3d 192, 193 (5th Cir. 1998) (citing *Telepak v. United Servs. Auto. Ass'n*, 887 S.W.2d 506, 507 (Tex. Civ. App. – San Antonio 1994, writ denied); *see also*, *Venture Encoding Serv., Inc. v. Atl. Mut. Ins. Co.*, 107 S.W.3d 729, 733 (Tex. App. – Fort Worth 2003, pet. denied) (stating that the Texas Insurance Code places the burden on the insurer to prove any exception to coverage). Once the insurer has established that an exclusion applies, the burden shifts to the insured to prove that an exception to the exclusion applies. *Guar. Nat'l Ins. Co.*, 143 F.3d at 193 (internal citation omitted). With these principles in mind, the Court turns to the relevant policy language.

### 1. Power Failure

The policy precludes coverage for losses resulting from "[t]he failure of power or other utility service supplied to the described premises, however caused, if the failure occurs away from the supplied premises. Failure includes lack of sufficient capacity and reduction in supply." (Docket Entry 10-2, Ex. A-1, p. 27). The parties dispute whether the power failure occurred on the plaintiff's premises. The plaintiff contends that the power failure was caused by tree branches that fell on power lines on his property, whereas the defendant claims that an off-site power failure affected all property in the plaintiff's entire zip code during the hurricane. If the fallen branches caused the plaintiff's power failure before the plaintiff otherwise lost power, then the plaintiff's alleged damages may be covered under the policy. As well, if the fallen branches resulted in a sustained loss of power, longer than the general outage, then part of the damages may be covered by the policy. Neither party has established to a legal certainty when or where the power outage occurred, thus genuine issues of material fact remain in dispute.[4]

### 2. Power Surge

There is conflicting evidence as to whether a power surge or a lack of maintenance caused the alleged damage to plaintiff's equipment. The plaintiff provided sworn testimony that a machine capable of producing fifteen hundred units of bread per hour on September 12, 2008, was only capable of producing two to three hundred units per hour immediately following the storm. The defendant did not retain its expert Raymond Arms to inspect the plaintiff's equipment until July 27, 2010 – almost two years after Hurricane Ike occurred. Moreover, the plaintiff had sold all of his equipment, fixtures and appliances on June 9, 2010. Accordingly,

---

[4] The Court notes that the parties also dispute whether the Changes in or Extremes of Temperature Exclusion applies. That exclusion is related to the Power Outage Exclusion, and the Court will not parse these intertwined claims. Therefore, the Court denies summary judgment as to the Changes in or Extremes of Temperature Exclusion.

Arms did not inspect the allegedly damaged equipment until a month and a half after the plaintiff had sold it. It is unclear whether the subsequent owner altered the equipment in any way, and the extent to which those possible alterations could have affected Arms' report. Therefore, the accuracy of Arms' assessment of the cause and the extent of damage to the equipment are issues of disputed fact.

### B.     The Plaintiff's Common Law and Statutory Claims

At issue is whether the defendants are liable for breach of a duty of good faith and fair dealing or for violating various provisions of the Texas Insurance Code or DTPA. Many of the plaintiff's extra-contractual claims are premised on her breach of contract claim. Because substantial factual issues remain disputed concerning coverage, the Court denies summary judgment on these related issues. Therefore, the Court denies summary judgment with respect to these issues.

### VI.    Conclusion

Based on the foregoing discussion, the Court DENIES the defendant's motion for summary judgment.

It is so **ORDERED**.

SIGNED at Houston, Texas this 17th day of December, 2010.

_____
Kenneth M. Hoyt
United States District Judge